IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY JACKSON, | ) | |
| | ) | |
| AND | ) | |
| | ) | Case No. 07-CV-2128 JTM/DWB |
| DOMINIQUE MITCHELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COACH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Plaintiffs have alleged, and Defendant denies, Coach, Inc. has engaged in a pattern and practice of discrimination contrary to federal statute and has slandered these Plaintiffs. Based on Plaintiffs' allegations, Coach, Inc. believes that it may produce or be required to produce certain information that contains trade secrets, confidential and proprietary commercial information as well as sensitive and private information about its employees, consumers and third parties. The Court therefore enters this Protective Order which shall be applicable to, and govern the documents and information ("materials") identified below.

IT IS HEREBY ORDERED AS FOLLOWS:

1.    Marking of Designated Materials.  Documents the parties reasonably believe are protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL", or an equivalent marking, on each page of the document. All materials to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. If such materials have already been produced to the

other party, the party producing such materials shall notify the other party immediately upon entry of this Order that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.   Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL", shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

2.      Designations of "CONFIDENTIAL" Materials.   Plaintiffs shall have the right to designate as "CONFIDENTIAL" any materials they believe, in good faith, relate to plaintiffs' income and any medical treatment.   Defendant shall have the right to designate as "CONFIDENTIAL" any materials it reasonably believes, in good faith, to relate to sensitive, private personal information regarding non-parties and consumers, proprietary business and/or economic information, information about employees and other trade secrets or otherwise confidential commercial information.

3.      Restriction on Disclosure and Use of Designated Materials.   No materials designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Order.  No person shall use any materials designated "CONFIDENTIAL" for any purpose other than to assist in-house or outside counsel in the defense settlement or preparation and trial of this action.

4.      <u>Access to "CONFIDENTIAL" Materials</u>.    Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a)      the parties to this action and the attorneys of record (including any in-house counsel) in this action, and all assistant, stenographic and clerical employees working under the direct supervision of such attorneys;

(b)      any person who is expressly retained by a party to this Order as an expert witness;

(c)      court reporters and any person before whom testimony is taken, except that such persons may be shown copies of "CONFIDENTIAL" materials only during such testimony and may not retain any "CONFIDENTIAL" materials or copies thereof; and

(d)      the court, or its staff, in connection with the court's administration and adjudication of this action.

5.      <u>Undertaking of Persons Receiving Designated Materials</u>.  In no event shall any materials designated "CONFIDENTIAL" be disclosed to any person (except those described in paragraph 4 (a), (c) and (d)) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby.  In the event a party wants to show or reveal any information marked "CONFIDENTIAL" to a third party, such as a third-party witness deponent, the party seeking to reveal the information shall notify opposing counsel ten (10) days prior to the intended disclosure in which time the opposing party may file an objection to such disclosure with the Court.  In the event an objection is

timely filed, no disclosure shall be made until an Order of the Court.   If disclosure is agreed to by the parties or otherwise ordered by the Court, the requesting party shall require the third party to execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the third party.

6. <u>Limitations Upon the Scope of Order</u>.  Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the materials produced by it as "CONFIDENTIAL".  This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as, a result of this litigation.

7. Within 60 days of the termination of this action, including any appeals, any party who wants "CONFIDENTIAL" materials returned by the opposing party shall notify counsel for the opposing party, and the opposing party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" materials from the parties, and others who are authorized by this Order to receive "CONFIDENTIAL" materials. Otherwise, 60 days following the termination of this action, including appeals, the parties will destroy all materials marked "CONFIDENTIAL" by the opposing party, except that the attorneys of record may retain one copy of an opposing party's "CONFIDENTIAL" materials, but only for the purpose of preserving a file in this matter.  In the event this matter is tried, information and documents used or offered during trial can no longer be considered discovery material and, therefore, the Protective Order does not apply to such information and documents.

8.      Breach of this agreement may be punished by the contempt powers of the

Court and also may give rise to a civil cause of action.  Any party may reopen this case to

enforce the provisions of the Protective Order.

9.      Nothing in this Protective Order constitutes a finding or admission that

any "CONFIDENTIAL" materials are in fact, confidential or otherwise not subject to

disclosure.  Any party may dispute the confidential nature of any "CONFIDENTIAL"

materials or that the "CONFIDENTIAL" materials are, in fact, entitled to protection of

this Order by following the procedure outlined in this paragraph.  Within 15 days of the

receipt of any materials designed as "CONFIDENTIAL," the receiving party may make

its objection to the designation of the materials as "CONFIDENTIAL" by advising the

producing party of its objection in writing.  The parties shall then meet and confer

concerning this objection.  If they are unable to agree as to whether the designated

materials should be treated as "CONFIDENTIAL," the producing party shall file a

motion with the Court within 15 days identifying why the materials should be treated as

"CONFIDENTIAL" under this Protective Order.  If the producing party files such a

motion, the materials in dispute shall be treated as "CONFIDENTIAL" until the Court

rules on such motion.  The burden is on the producing party to establish that the

unrestricted use of the designated materials will likely cause it a clearly defined and very

serious injury.

10.     The foregoing is entirely without prejudice to the right of any party to

apply to this court for any further Protective Order relating to any other document,

information, or issue, or to modify this Order.

11.      <u>Duration of Order</u>.  The confidentiality obligations imposed by this Order

shall remain in effect unless otherwise expressly ordered by the Court.

IT IS SO ORDERED THIS 21st day of August, 2007.


   s/ DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY JACKSON,                      )
                                      )
AND                                   )
                                      )    Case No. 07-CV-2128 JTM/DWB
DOMINIQUE MITCHELL,                   )
                                      )
                   Plaintiffs,        )
                                      )
v.                                    )
                                      )
COACH, INC.,                          )
                                      )
                   Defendant.         )

**DECLARATION OF _____ UNDER
PROTECTIVE ORDER AGAINST UNAUTHORIZED
USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

1.      My address is _____

_____

_____

2.      My present employer is _____

_____

3.      My present occupation or job description is _____

_____

4.      I hereby acknowledge that I have received, or may receive, information

designated as CONFIDENTIAL under a PROTECTIVE ORDER of the court in the

above lawsuit, and I acknowledge such information is provided to me pursuant to the

terms and restrictions of such PROTECTIVE ORDER.

5.      I further state the I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

6.      I understand (i) I am able to retain all of the materials I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this PROTECTIVE ORDER; (ii) I am able to make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Name

_____
Date