# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY JACKSON and DOMINIQUE MITCHELL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 07-2128-JTM-DWB ) |
| COACH, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of Defendant Coach, Inc. for a Protective Order to restrict the use of documents it seeks to designate as confidential in this case, including, but not limited to, its employee handbook, operations manual, and incident reports. (Doc. 11.) Plaintiffs have filed a memorandum in opposition to Defendant's motion. (Doc. 12.) Defendant has not filed a reply and the time to do so has expired. D.Kan. Rules 6.1(d), 7.4. After reviewing the submissions of the parties, the Court is prepared to rule on Defendant's motion.

## BACKGROUND

1

Plaintiffs filed the present action on March 23, 2007, alleging various civil rights and torts claims resulting from being detained and questioned by security and police officers at Defendant's store in the Oak Park Mall in Overland Park, Kansas, on November 24, 2006.  (Doc. 1.)  Plaintiffs generally allege that Defendant "has engaged in a pattern or practice of arresting or detaining African American shoppers at a significantly greater rate than it arrests or detains Caucasian shoppers."  (*Id*., at ¶ 32.)

The parties served their Rule 26 initial disclosures on June 20, 2007.  (Docs. 9, 10.)  Defendant has not produced the documents identified, but is willing to do so "subject to the entrance of a protective order."  (Doc. 11, at 1.)  Defendant has submitted a proposed Protective Order to the Court.  (*Id*., at Exh. 1.)

## DISCUSSION

Defendant contends the documents at issue, which include their operations manual, employee handbook, and incident reports, are "highly confidential" and may contain trade secrets, proprietary information, and/or other confidential information relating to individuals not parties to this action.  (*Id*., at 1-3.)  Plaintiffs contend that Defendant's request for a "global protective order" is unwarranted and would unfairly restrict their use of the documents at issue.  (Doc. 12, at 4-8.)  The Court finds nothing out of the ordinary with Defendant's request for a "global"

2

protective order, as this Court has entered similar orders in other cases.  The Court has reviewed Defendant's proposed Protective Order (Doc. 11, Exh. 1), the language of which appears to be standard.  The Court does, however, note that the proposed order lacks a procedure for a party to dispute the opposing party's designation of documents as "confidential" and does not allow any confidential documents to be seen by, or shown to, Plaintiffs in this case.  The Court has made appropriate revisions to the proposed protective order to address these issues and has filed the resulting Protective Order.  (Doc. 13.)  The Court sees nothing in the Protective Order it has entered which hampers Plaintiffs' ability to investigate and prosecute the present case.

The real issue before the Court as a result of the present motion, however, is whether the documents at issue (Defendant's employee handbook, operations manual, and various incident reports) should be treated as confidential under the provisions of such a protective order.

Fed. R. Civ. P. 26(c) provides that "[u]pon motion by a party . . . and for good cause shown, the court  . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Additionally, "the party seeking a protective order has the burden to demonstrate good cause."  ***Horizon Holdings, L.L.C. v. Genmar***

*Holdings, Inc.*, 209 F.R.D. 208, 214 (D. Kan. 2002) (citation omitted).  In determining whether good cause exists to issue a protective order that prohibits disclosure of documents or other materials, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.'" *Zapata v. IBP, Inc.,* 160 F.R.D. 625, 627 (D. Kan. 1995) (quoting *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471, 480 (S.D.N.Y. 1982) (internal quotations omitted)).  The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 2201, 68 L.Ed.2d 693 (1981) (quotation omitted).

     **A.**    **Employee Handbook and Operations Manual**.

As the party seeking to have these specific documents treated as confidential under the terms of the protective order, Defendant bears the burden of proving that unrestricted use of the employee handbook and operations manual will cause it a "clearly defined and very serious injury." *Zapata,* 160 F.R.D. at 627.  Defendant contends that its employee handbook, which apparently is provided to all of its employees, "contains policies, procedures and benefits information." (Doc. 11, at 3.) Defendant argues that "the unbridled disclosure of Coach's policies and procedures would be harmful in that competitors could utilize the documents to

gain an unfair competitive advantage." (*Id.*) Defendant has not, however, described in any fashion how their employee handbook could even arguably contain information relevant to, or that would have any impact on, economic competition. Defendant has not explained the nature of any potential "unfair competitive advantage" nor have they identified a "clearly defined and serious injury" that they could potentially suffer. ***Zapata***, 160 F.R.D. at 627.

The Court acknowledges that Defendant has required its employees to sign a "Confidentiality, Information Security and Privacy Agreement," thus evidencing an attempt to limit access to that document. (Doc. 11, at 3.) Even so, Defendant fails to satisfy its burden in the instant motion as it must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." ***Gulf Oil Co.,*** 452 U.S. at 102 n. 16., 101 S. Ct. at 2201. Quite to the contrary, Defendant has offered nothing more in its motion than conclusory statements regarding the confidentiality of the handbook. (*See generally* Doc. 11.) Thus, Defendant has failed to satisfy its burden of showing good cause relating to the employee handbook.

The same is true for Defendant's operations manual. Defendant states that this document contains "policies and procedures, including, but not limited to, Coach's financial procedures, store organization, merchandise and inventory

5

control, and loss prevention." (*Id*., at 3.)  Defendant's statements are, however, merely conclusory.  There is no discussion of what any such "financial procedures" are, let alone a specific showing as to how the disclosure of such information would be harmful to Defendant.  Defendant has failed to provide the Court with a "clearly defined and very serious injury" that could result from disclosure of the operations manual.  ***Zapata***, 160 F.R.D. at 627.

The Court fails to see how information regarding "merchandise and inventory control, and loss prevention" raise to the level of trade secrets and/or proprietary information – and Defendant has made no effort to provide the requisite explanation.  ***Gulf Oil Co.,*** 452 U.S. at 102 n. 16., 101 S. Ct. at 2201.  The Court also fails to see how information regarding "store organization" should be considered confidential and Defendant has failed to provide a reason why such information should be privileged.  Therefore, the Court finds that Defendant has not demonstrated why these specific documents should be treated as confidential under the protective order.  This is portion of Defendant's motion is, therefore, **DENIED**.

    **B.**    **Incident Reports**.

Defendant contends that "some of the incident reports" it has identified contain "confidential employee information and identification information of

individuals not parties to this action." (Doc. 11, at 3.) According to Defendant, disclosure of these reports would intrude upon the "individual privacy rights" of these people "and could violate statutes and/or regulations protecting confidentiality." (*Id*.) Defendants have, however, chosen not to cite to any such statutes or regulations that potentially could be violated.

The Court agrees that disclosure of these incident reports should be restricted and subject to a protective order. The Court can see no valid reason to allow unrestricted disclosure beyond the parameters of this litigation of the personal information of individuals not parties to this lawsuit. The Court does not, however, agree with Defendant's offer to provide these documents to Plaintiffs after it has redacted "the names and addresses of any third persons identified."[1] (*Id*., at 4.)

Plaintiffs' lawsuit alleges a pattern and practice of discrimination against Defendant. (*See* Doc. 1, at ¶ 32.) In the Court's opinion, the information potentially contained in the documents at issue could be vital to support or refute Plaintiffs' claims. Defendant's offer to provide these documents after it has redacted all names and addresses could seriously damage Plaintiffs' ability to

---

[1] Defendant has agreed not to redact "any descriptive information included on such reports such as race, gender, age, etc." (Doc. 11, at 4.)

prepare their case by inhibiting their access to potential witnesses and/or sources of relevant information.

The Court does agree with Defendant's assertion that "any financial information (i.e. checking account numbers or credit card numbers)" should be redacted. (Doc. 11, at 4.) Plaintiffs do not object to this redaction and the Court can see no valid reason for disclosing this information. This portion of Defendant's motion is, therefore, **GRANTED** to the extent that this financial information shall be redacted from the incident reports before they are produced. Defendant shall <u>not</u>, however, redact any other information from the documents, including the names and addresses of any third persons identified. In addition, the redacted incident reports which are produced will also be treated as confidential under the terms of the Protective Order entered by the Court in order to prevent the unwarranted dissemination of the names and address of the non-parties.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 11) is **DENIED in part** and **GRANTED in part** as more fully set

forth above.

Dated at Wichita, Kansas, on this 21st day of August, 2007.

   s/   D<small>ONALD</small> W. B<small>OSTWICK</small>
DONALD W. BOSTWICK
United States Magistrate Judge