# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY JACKSON and            )
DOMINIQUE MITCHELL,            )
                               )
          Plaintiffs,     )
                               )
vs.                            )      Case No. 07-2128-JTM-DWB
                               )
COACH, INC.,                   )
                               )
          Defendant.      )
_____)

## MEMORANDUM AND ORDER

Before the Court are Defendant's Motion for Leave to File Amended Answer (Docs. 40), Plaintiffs' Response in Opposition (Doc. 52), and Defendant's Reply (Doc. 59); and Defendant's Motion to Compel Discovery Responses (Doc. 42), Plaintiffs' Response in Opposition (Doc. 54), and Defendant's Reply (Doc. 60.) Having carefully reviewed the submissions of the parties, the Court is prepared to rule on Defendant's motions.

## BACKGROUND

The background of this case was summarized in the Court's August 21, 2007, Order granting in part and denying in part Defendant's Motion for Protective Order.  (Doc. 14.) That summary is incorporated herein by reference.

The Court's Scheduling Order contains an August 31, 2007, deadline to file motions to amend the pleadings.  (Doc. 8, at 7.)  Plaintiffs filed a Motion to Amend Complaint on the deadline (Doc. 19), which the Court granted on September 25, 2007.  (Doc. 23.)  Plaintiffs' Amended Complaint was filed on September 28, 2007, and included additional factual allegations as well as claims that Defendant violated state public accommodation laws.  (Doc. 24.)

Although Defendant filed an Answer to the Amended Complaint on October 3, 2007 (Doc. 25), it now seeks leave to file an Amended Answer out of time.  (Doc. 41.)  Defendant contends the amendment is necessary to add the defense of "accord and satisfaction" as a result of deposition testimony illicited from Plaintiffs on November 10, 2007.  (Doc. 41, at 3-5.)

Defendant served its first discovery requests, which are the subject of the present motion to compel, on Plaintiffs on August 27, 2007.  (Doc. 16.)  Defendant allowed Plaintiffs additional time to respond to the discovery and initial responses apparently were filed on October 15, 2007.[1]  (Doc. 43, at 1.)  Defense counsel was not satisfied with Plaintiffs' responses and on October 29, 2007, initiated communication with opposing counsel regarding numerous issues relating to the

---

[1]  Plaintiffs did not file a notice of service of the discovery responses with the Court and neither party has included Plaintiffs' initial responses as an exhibit.  Thus, the Court relies on this uncontroverted factual statement in Defendant's motion.

discovery responses.  (Doc. 43-2, at 41, 44-50.)  Having received no response,

defense counsel sent an additional letter on November 5, 2007, and an e-mail a

week later.  (*Id.*, at 51-52, 54.)

Plaintiffs' counsel responded On November, 12, 2007, that "all of the

information you were seeking in your written discovery was obtained during the

depositions" of the Plaintiffs.[2]  (*Id.*, at 55.)  Plaintiffs' counsel stated that "[i]f it

becomes necessary for us to amend our responses, then we will do so at a later

date."  (*Id.*)  Defense counsel sent an additional e-mail to Plaintiffs' counsel on

November 15, 2007, demanding that Plaintiffs supplement their discovery

responses and withdraw their objections by the end of the next business day.  (*Id.*,

at 57.)  Plaintiffs' counsel indicated that the responses could not be supplemented

by the next day, but that they would not oppose a motion to compel on the basis of

timeliness.  (*Id.*)

Defense counsel confirmed this conversation by letter dated November 16,

2007.  (*Id.*, at 60.)  In that letter, defense counsel also inquired as to when she

could expect Plaintiffs' supplemental discovery responses.  (*Id.*)  Receiving no

---

[2]  Plaintiffs filed a Motion to Compel Mediation and for Change of Mediator (Doc. 26), which the Court granted in part and denied in part on October 24, 2007.  (Doc. 31, text entry.) The subsequent mediation, which occurred on November 14, 2007, was unsuccessful. (Doc. 33.) Defendant contends it "wanted the benefit of Plaintiffs' discovery responses prior to taking the Plaintiffs' depositions, which were set for November 10, 2007, and the mediation that was scheduled on November 14, 2007.  (Doc. 43, at 2.)

response over the next two weeks, defense counsel inquired by e-mail on December 3, 2007, as to the status of the supplemental responses.  (*Id.*, at 61.) Plaintiffs' counsel responded in no uncertain terms that their discovery responses were "appropriate" and that he had "no intention of redrafting them."  (*Id.*)

Defense counsel wrote yet another letter to Plaintiffs' counsel on December 4, 2007, requesting supplemental written discovery responses by the end of the next day.  (*Id.*, at 63-65.)  Plaintiffs' counsel responded via e-mail the next day, stating that if Defendant did not file a motion to compel that day, Plaintiffs' counsel would "take another look at our responses and respond to your letters by the end of the week."  (*Id.*, at 67.)  Defense counsel replied that she would "hold off" on filing a motion to compel based on that representation.  (*Id.*)  Plaintiffs served their supplemental discovery responses on December 7, 2007.  (*Id.*, at 10, 20, 30, 40.) Defendant contends that "the supplemental responses mirrored Plaintiffs' two earlier responses merely referring Defendant to Plaintiffs' deposition transcripts."[3]  (Doc. 43, at 4.)

---

[3] Plaintiffs contend that Defendant filed the present Motion to Compel "without ever at any time complaining about plaintiffs' amended discovery responses."  (Doc. 54, at 2.) Plaintiffs do not, however, controvert statements in Defendant's detailed factual summary regarding the numerous times Plaintiffs' counsel failed to respond to, or simply ignored, defense counsel's communications regarding outstanding discovery issues.  (*See* Doc. 43, at 1-4; Doc. 43-2, at 41-43.)  Plaintiffs also do not controvert Defendant's statement that Plaintiffs' supplemental discovery responses essentially "mirrored" Plaintiffs' prior discovery responses.  (Doc. 43, at 4.)  As such, the Court finds that defense counsel

## DISCUSSION

**A.**     **Defendant's Motion for Leave to File Amended Answer**.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant concedes that the deadline to amend the pleadings contained in the Court's Scheduling Order expired on August 31, 2007.  (Doc. 41, at 2; *see also* Doc. 8, at 7.)  Accordingly, the Court must treat Defendant's motion as a motion to amend the Scheduling Order to allow a late filing of an amended pleading.  *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993).  Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge."  To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence.  ***Denmon***, 151 F.R.D. at 407.

---

adequately executed her duty to confer before filing the present Motion to Compel.

5

Defendant argues that Plaintiffs will not be prejudiced if the requested amendment is allowed.  (Doc. 41, at 6.)  While the Court agrees that the requested amendment would cause no undue prejudice to Plaintiffs, lack of prejudice to the nonmovant does not establish good cause.  ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

Defendant argues that Plaintiffs' deposition testimony on November 10, 2007, caused it to "recognize[d] that it had valid defenses of release and accord and satisfaction, which had not been previously raised."  (Doc. 41, at 3-5.)  Plaintiffs, however, respond that Defendant, "without explanation . . . waited over a month" after Plaintiffs' depositions to move to amend its answer.  (Doc. 52, at 1.)

The good cause requirement of Rule 16(b) requires the moving party to establish that the **scheduling order's deadline** could not have been met with diligence.  ***Denmon***, 151 F.R.D. at 407.  It does not require that a motion for leave to amend be filed within any particular period of time.  The depositions at issue occurred *after* the expiration of the Scheduling Order's deadline for motions to amend.  Therefore, Defendant could not have met this deadline with diligence.  Further, the Court finds Defendant's slight delay in filing the present motion to be reasonable given the intervening mediation as well as the on-going discovery disputes in this case.  Defendant has established good cause for its requested

6

amendment.

Upon receipt of Defendant's motion, Plaintiffs were on notice of the potential use of the accord and satisfaction affirmative defense.  Thus, Plaintiffs were aware that this issue should be addressed in the depositions of Defendant's witnesses that Plaintiffs had yet to conduct.

Plaintiffs also contend that Defendant's requested amendment is "without merit" because there was no "meeting of the minds between the parties that the claim . . . has been fully satisfied and discharged."  (*Id*., at 2.)  Whether there has been such a meeting of the minds is, in the Court's opinion, a question of fact for the jury, *Barnes v. Mid-Continent Cas. Co.*, 192 Kan. 401, 404, 388 P.2d 642 (1964), rather than an appropriate inquiry for the Court in the context of Defendant's Motion for Leave to Amend.

Further, in determining futility of an amendment, the issue before the Court is "not whether [the non-moving party] will ultimately prevail, but whether he is entitled to offer evidence in support of his claims."  *Lyle v. Commodity Credit Corp*., 898 F.Supp. 808, 810 (D.Kan. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).  As Defendant has shown, Plaintiffs' own sworn testimony raises the issue as to whether there was a meeting of the minds between the parties regarding satisfaction and discharge.  (Doc. 41, at

7

3-5; Doc. 59, at 3-4.)  As such, Defendant's Motion for Leave to File Amended

Answer (Doc. 40), is **GRANTED**.

**B.**     **Defendant's Motion to Compel Discovery Responses**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party . . .

Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."

"'Discovery relevance is minimal relevance,' which means it is possible and

reasonably calculated that the request will lead to the discovery of admissible

evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*,

932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a

request for discovery should be considered relevant if there is any possibility the

information sought may be relevant to the subject matter of the action." *Smith v.*

*MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another

way, "discovery should ordinarily be allowed unless it is clear that the information

sought can have no possible bearing on the subject matter of the action." *Snowden*

*By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991),

appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991)

> When the discovery sought appears relevant, the party
> resisting the discovery has the burden to establish the
> lack of relevance by demonstrating that the requested
> discovery (1) does not come within the scope of
> relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2)
> is of such marginal relevance that the potential harm
> occasioned by discovery would outweigh the ordinary
> presumption in favor of broad disclosure.

*Johnson v. Kraft Foods North America, Inc*., 238 F.R.D. 648, 653 (internal

citation omitted).

The party opposing discovery is required to come forth with more than a

mere conclusory statement that the discovery is irrelevant and must specifically

demonstrate how the request is not reasonably calculated to lead to the discovery

of admissible evidence. *Teichgraeber*, 932 F.Supp. at 1266 (citing *Josephs v.

Harris Corp.*, 677 F.2d 985, 992 (3rd Cir.1982)).  "Courts should lean towards

resolving doubt over relevance in favor of discovery." *Id*. (citing *Corrigan v.

Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Defendant contends that Plaintiffs' supplemental discovery responses are

deficient.  Defendant thus requests the Court enter an Order requiring Plaintiffs to

withdraw certain objections and "provide full and complete responses" to

Defendant's discovery requests.  (Doc. 43, at 1-4.)  Plaintiffs respond that

Defendant's motion is "unnecessary and . . . solely intended to harass plaintiffs."

(Doc. 54, at 1.)  The Court will address the various categories of discovery requests

9

at issue in turn.

### 1.     Criminal Background.

Defendant's Interrogatory No. 5 to each Plaintiff seeks information

regarding any plea of guilty or "nolo contendere" as well as felony or misdemeanor

convictions.  (Doc. 43-2, at 3-4, 23-24.)  Plaintiffs both objected to this

interrogatory on the grounds that it is "irrelevant and not likely to lead to the

discovery of admissible evidence," and "is not properly limited in time or scope."

(*Id*.)  Without providing a written response, Plaintiffs generally refer Defendant to

their deposition testimony.  (*Id*.)

Although the Court has not been supplied with complete transcripts,

deposition excerpts reveal significant questioning regarding the issue of Plaintiffs'

criminal pasts.  (Doc. 60, at 4-6.)  The Court cannot follow Plaintiffs' reasoning,

which would allow extensive deposition questioning on this issue while denying a

written discovery request.[4]  Plaintiffs do not object that the requests are duplicative

---

[4] Defendant relies on a holding from this District for the proposition that "[i]ncorporation by reference to a deposition is not a responsive answer" to written discovery. *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 440 (D.Kan. 1987) (*citing Martin v. Easton Publishing Co*., 85 F.R.D. 312 (E.D. Penn. 1980)). Defendant's argument is, however, misplaced. *Hoffman* and the decision on which it was based, *Martin*, both deal with an interrogatory response incorporating deposition testimony of a witness other than the individual party responding to the discovery requests at issue. The *Martin* Court found that practice to be improper because "[i]ncorporation by reference to a deposition is not a responsive answer, for '[t]he fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer

of Defendant's deposition questioning.  Rather, Plaintiffs contend Defendant "has done its own investigation in to the plaintiffs' criminal histories" and, therefore, "is already in possession of any and all information" on the topic.  (Doc. 54, at 5.)

Plaintiffs argue that the information sought by this discovery request is irrelevant, and that the interrogatory is designed merely to "harass and embarrass" Plaintiffs.  (*Id.*, at 4.)  Plaintiffs have, however, failed to meet their burden to establish that the information sought by Defendant is of marginal relevance or that any potential harm caused would outweigh the presumption in favor of broad disclosure of information through discovery.  Courts have routinely allowed discovery of a party's criminal past in employment discrimination cases.  *See, e.g., O'Neill v. Runyon*, 898 F.Supp. 777 (D. Kan 1995).  Although not entirely analogous, the facts of the present case, in which Plaintiffs claim they were treated differently at Defendant's store because of their race, are sufficiently similar to draw on this general authority.

Further, the majority of the information sought by Defendant regarding criminal court proceedings should be of public record.  ***Abraham v. B.G. Boltons'***

_____

interrogatories adopts the substance of the testimony to support his claim or contention." ***Martin***, 85 F.R.D. at 315 (citation omitted).  The matter before the Court is distinguishable because the interrogatory responses at issue involve a party incorporating his or her own sworn deposition testimony rather than incorporating the testimony of another individual who is merely a witness.

*Grille & Bar*, No. 06-1281-MLB, 2007 WL 1146585, at *5 (D.Kan. April 17, 2007).  As such, the Court cannot agree that Defendant is merely trying to harass Plaintiffs.

Plaintiffs rely on the public record issue to argue that Defendant could merely obtain all this information on its own without Plaintiffs' involvement. (Doc. 54, at 5.)  Defendant contends, however, that "if either Plaintiff has a criminal history outside of the states [sic] of Kansas, Defendant does not have any such information and would not have any idea from whom it should be requesting records."  (Doc. 60, at 4.)  Further, Defendant argues that the records it "has obtained are not exactly clear as to how many separate charges each Plaintiff has plead guilty to or been convicted of."  (*Id.*, at 4-5.)  Defendant also identifies inconsistencies between the criminal records it has obtained and Plaintiffs' deposition testimony.  (*Id.*, at 5-7.)

Information regarding Plaintiffs' criminal past, if any, could bear directly on Plaintiffs' credibility, particularly in regard to crimes of dishonestly.  *See* Fed.R.Evid. 609(a)(2).

> It is unthinkable that evidence of a witness's prior
> dishonesty would not affect one's decision concerning
> the witness's testimony and claims.  Stated more simply,
> a witness's credibility is always material.

*Murray v. Cars Collision Center of Colo., LLC*, Case No. 04-1456, 2007 WL

433124, at *7 (D. Colo. February 2, 2007) (holding that such information would be admissible at trial).

Regardless of whether the information will ultimately be admissible at trial, the Court finds that Plaintiffs' criminal information is discoverable in the present situation where Defendant has determined, through their own investigation, that both Plaintiffs have criminal records.[5] Further, the issue of credibility may come into play at trial if Defendant is able to prove that Plaintiffs testified untruthfully regarding their criminal backgrounds at their depositions.

Defendant's motion (Doc. 42) is, therefore, **GRANTED** in regard to Defendant's Interrogatory No. 5 to both Plaintiffs.   Because the Court has overruled Plaintiffs' stated objections to the discovery requests at issue, Plaintiffs shall fully respond to the interrogatory without objection.

### 2.     Medical providers and records (Interrogatory No. 15, Requests for Production 20, 21).

This group of discovery requests seeks information relating to Plaintiffs' medical providers and records.  (Doc. 43-2, at 8, 17-18, 28, 37-38.)  Defendant

---

[5]  Despite their assertions to the contrary, Plaintiffs would have no basis to request criminal histories of all of Defendant's witnesses absent a good faith reason to believe the individuals at issue have convictions and/or guilty pleas in their past.  Further, Defendant, as a corporate entity, would not necessarily have possession, custody, or control over such information for all non-party witnesses.

13

contends that the information is relevant and discoverable because Plaintiffs, in their First Amended Complaint, claim to have "suffered inconvenience, insult, mental distress, embarrassment, humiliation, anxiety, and emotional pain and suffering." (Doc. 43, at 7; *see also* Doc. 24.)

In response, Plaintiffs object that the discovery requests are "irrelevant and not likely to lead to the discovery of admissible evidence." (Doc. 43-2, at 8, 17-18, 28, 37-38.) Plaintiffs also state that they have "not brought a claim for infliction of emotional distress." (*Id*.) Given the wording of Plaintiffs' Amended Complaint, it is plain to see why Defendant would think otherwise. In response to Defendant's Motion to Compel, however, Plaintiffs again state that "they are making no claims for emotional or mental distress." (Doc. 54.)

Given this concession by Plaintiffs' counsel, contained in a pleading signed by their counsel, the Court can see no basis for the discovery of Plaintiffs' medical information.[6] Based on this statement, Plaintiffs shall, however, be precluded from claiming damages for emotional or mental distress in any form or definition at trial (which shall encompass all forms of "inconvenience, insult, mental distress,

---

[6] Defendant relies on two District Court decisions to argue that the requested information is discoverable. ***Owens v. Sprint***, 221 F.R.D. 657, 659-60 (D.Kan. 2004) and ***Hilt v. SFC, Inc***., 170 F.R.D. 182, 186 (D.Kan. 1997). Defendant's argument is misplaced because the plaintiff in both cases placed her psychological condition at issue by seeking damages for mental and emotional pain, anguish, distress, and/or humiliation.

embarrassment, humiliation, anxiety, and emotional pain and suffering," *see* Doc. 24, at 5, 7, 8, 9, 11, 13).  Defendant's Motion to Compel (Doc. 42) is, therefore, **DENIED** as **moot** it relates to Interrogatory No. 15 and Requests for Production 20 and 21.  <u>The Court specifically notes, however, that if Plaintiffs have any intention to seek damages or present evidence at trial relating in any way to emotional or mental distress, pain or suffering,[7] Plaintiffs are hereby directed to provide the information requested by Defendant's Interrogatory No. 15 and Requests for Production 20 and 21 by the deadline set forth in this Order,</u> **April 14, 2008**.

### 3.    General Objections.

Defendant's Interrogatory No. 2 asks Plaintiffs to identify all statements "obtained from or furnished by any person or any party to this action in connection with the subject matter of this lawsuit . . ."  In response, Plaintiffs objected "generally" to this interrogatory

> to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; the defendant will have ample

---

[7] This shall include any potential request for damages or presentation of evidence on "garden variety" emotional distress, which include "generalized insult, hurt feelings and lingering resentment." ***Owens v. Sprint***, 221 F.R.D. at 660; ***Greenhorn v. Marriott Intern., Inc.***, 216 F.R.D. 649, 651 (D.Kan. 2003).

> opportunity during the course of the action to obtain the information sought from a source that is more convenient; or the burden or expense of the interrogatory outweighs its likely benefit taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

(Doc. 43-2, at 2-3, 22-23.)  Without waiving these general objections, Plaintiffs refer Defendant "to the probable cause finding issued by the Kansas Human Rights Commission."  (*Id.*)  Plaintiffs refer Defendant to the above objections to Interrogatory No. 2 in response to Interrogatory No. 6 (individuals with knowledge of the facts at issue), No. 7 (potential trial witness), and No. 12 (regarding individuals with whom Plaintiffs have communicated regarding the events at issue).  (*Id.*, at 4, 7, 24, 27.)

Defendant's Request for Production No. 1 seeks all documents "identified, referred to or used" by Plaintiffs in drafting responses to Defendant's interrogatories.  (*Id.*, at 12, 32.)  Plaintiffs' response was a verbatim quote of their objections to Defendant's Interrogatory No. 2.  Without waiving these general objections, Plaintiffs stated they had no such documents "at this time," but stated their responses would be "supplemented as required by the Federal Rules of Civil Procedure."  (*Id.*)  Plaintiffs continued by incorporating this response by reference in response to Request No. 7 (documents relating to damages and computation

16

thereof), and Request No. 23 (all relevant documents not previously produced or requested).  (*Id*., at 14, 18, 34, 38.)

Defendant's Request No. 6 sought a copy of any witness statement regarding the events at issue.  (*Id*., at 13, 33.)  Plaintiffs included the exact same general objections as used in response to Request No. 2, and, without waiving the same, stated they had "none."  There was, however, no promise of potential supplementation.  This response was then incorporated by reference in response to the following Requests: No. 8 (documents to or from Defendant); No. 9 (documents prepared by Plaintiffs referring or relating to the incidents at issue); No. 10-12 (communications with the EEOC, KHRC, Kansas Division of Workers Compensation, or any other agency regarding the incident at issue); No. 15 (documents relating to employment with or termination from Sunglass Hut); No. 18 (documents supporting Plaintiffs' claim that Defendant's conduct was "outrageous, in reckless disregard, willful, intentional and/or wanton"); No. 19 (recorded recollections regarding the acts or omissions at issue); No. 24 (Plaintiffs' calendars, journals, or diaries for the past 10 years); No. 25 (documents utilized in preparing Complaint or answering discovery); No. 26 (documents to or from the Overland Park Police Department relating to events at issue); and No. 27 (documents to or from the Oak Park mall and/or security relating to events at

issue).  (*Id.*, at 14-19, 34-39.)

Defendant argues that Plaintiffs' objections are "over-reaching and non-specific."  (Doc. 43, at 8.)  Defendant also contends that these objections are a mere recitation of the "General Objection" contained at the beginning of both Plaintiffs' discovery responses.  (*See* Doc. 43-2, at 1-2, 11-12, 21-22, 31-32.) Defendant cites case law from this District holding that "the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery" is disapproved.  ***Starlight Intern., Inc. v. Herlihy***, 181 F.R.D. 494, 497 (D.Kan. 1998) (citing ***Cotracom Commodity Trading Co. v. Seaboard Corp***., No. 97-2391-GTV, 1998 WL 2311135, at *1 (D.Kan. May 6, 1998)).  Courts in this District disregard such objections as "'worthless'" and nothing more than "'hypothetical or contingent possibilities.'"  *Id*.

Plaintiffs argue that they "never specifically referred to" their boilerplate "General Objections" in response to any particular discovery responses.  (Doc. 54, at 5.)  According to Plaintiffs, "[e]very objectionable interrogatory or request was responded to and objected to individually."  *Id*.  Plaintiffs' argument misses the mark.

The issue is not whether Plaintiffs, in their discovery responses, specifically referenced the "General Objection" section that was included at the beginning of

their discovery responses.  In responding and objecting to these discovery requests "individually," however, Plaintiffs merely regurgitated the same generic, generalized objections and made "no meaningful effort to show the application of any such theoretical objection" to the specific discovery requests posed by Defendant.  *See **Starlight Intern., Inc.***, 181 F.R.D. at 497 (internal citation omitted).  Plaintiffs' responses were, therefore, nothing more than mere conclusory statements that failed to specifically demonstrate how Defendant's requests were improper.  *See **Teichgraeber***, 932 F.Supp. at 1266 (internal citation omitted).

"The party objecting to a discovery request has the burden to support its objection and to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is objectionable." ***MGP Ingredients, Inc. v. Mars, Inc.***, No. 06-2318-JWL-DJW, 2007 WL 3231568, at *3 (D. Kan. Oct. 30, 2007) (citing ***Allianz Ins. Co. v. Surface Specialties, Inc.***, No. Civ.A. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (citations omitted).  The Court therefore finds that Plaintiffs "boilerplate objection does not satisfy the specificity requirement for objections." *Id.*

As such, the Court **GRANTS** Defendant's Motion to Compel (Doc. 42) regarding Interrogatories Nos. 2, 6, 7, and 12, and Requests for Production No. 1,

6-12, 15, 18, 19, and 23-27.  Because the Court has overruled Plaintiffs' stated objections to the discovery requests at issue, Plaintiffs shall fully respond to these discovery requests <u>without objection</u>.

**4.** **Privilege log**.

Defendant argues that the work product doctrine is included in the "General Objection" section of Plaintiffs' discovery responses, but have failed to produce the requisite privilege log.  (Doc. 43, at 10.)  Plaintiffs respond that they "do not believe that they have any attorney/client or attorney work product documents that require a privilege log."  (Doc. 54, at 6.)  As such, this issue appears to be moot. To the extent Plaintiffs determine they do possess such documents that would otherwise be responsive to Defendant's discovery requests, Plaintiffs are directed to supplement their discovery responses and provide Defendant with an appropriate privilege log in the format described on pages 11-12 of Defendant's memorandum by **April 14, 2008.**  (Doc. 43.)

**5.** **Information relating to damages (Interrogatory No. 16 and Request for Production No. 7)**.

Plaintiffs' Amended Complaint filed on September 28, 2007, prays for "actual damages, nominal damages and exemplary or punitive damages as are proven at trial, for their reasonable attorneys' fees and costs incurred herein and for

any such further legal and equitable relief as this Court deems appropriate." (Doc. 24, at 13-14.) Plaintiffs also claim that they effectively lost their jobs as a result of the incident at issue. (*Id*., at 4.) Further, Plaintiffs' responses to Defendant's Interrogatory No. 16 state that their requested damages are to be "determined by the jury but estimated to by the plaintiffs to be $5,000,000.00" and that they also seek reasonable attorneys' fees and costs. (Doc. 43-2, at 9, 29.)

Defendant's Interrogatory No. 16 and Request for Production No. 7 seek information and documents relating to Plaintiffs' claimed damages and the computation thereof. (Doc. 43-2, at 8-9, 14, 28-29, 34.) Despite having "estimated" their damages, Plaintiffs have not provided Defendant with any explanation of, or documents relating to, the process by which they calculated this estimation. (Doc. 43, at 12.) Fed.R.Civ.P. 26(a)(1)(A)(iii) requires

> a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Defendant did not timely object to the sufficiency of Plaintiffs' initial disclosures, which were filed on June 20, 2007. This language from Rule 26(a)(1), however, provides a reasonable guide as to the type of damage information Plaintiffs are

required to produce.  Further, the discovery requests at issue encompass the information outlined in Rule 26(a)(1).

In response to Defendant's motion, Plaintiffs state that they "executed and provided . . . tax authorization forms that allow the defendant to obtain the requested information from the Internal Revenue Service."  (Doc. 54.)  Plaintiffs deny having any additional responsive documents regarding the amount or calculation of their damages.  Simply stated, Plaintiffs' response is insufficient.

Thus, Defendant's Motion to Compel (Doc. 42) is granted to the extent it seeks production of the information requested in Defendant's Interrogatory No. 16 and Request for Production No. 7.  Because the Court has overruled Plaintiffs' stated objections to the discovery requests at issue, Plaintiffs shall fully respond to these discovery requests <u>without objection</u>.

### 6.    Information regarding police and mall security (Interrogatory No. 18).

Defendant's Interrogatory No. 18 seeks information regarding the police officers and security guard to whom Plaintiffs refer in paragraph 17 of their Amended Complaint.  (Doc. 43-2, at 9, 29.)  Plaintiffs refer Defendant to their responses to Interrogatory No. 2, which, as discussed above, contains lengthy boilerplate objections and an oblique reference to the probable cause finding of the KHRC.  (*Id*., at 2-3, 22-23.)  The Court has already overruled Plaintiffs' objections

to Interrogatory No. 2.  (*See* section B.3., *supra*.)

Further, Plaintiffs do not even discuss Interrogatory No. 18 in their response.
(*See generally* Doc. 54.)  When a party fails, even inadvertently, to address its
boilerplate or conclusory objections in response to a motion to compel, the party
"fails to meet its burden to support its objections."  ***Sonnino v. University of
Kansas Hosp. Authority***, 221 F.R.D. 661, 671 (D. Kan. 2004).  Thus, the Court is
"left without any basis to determine whether the objections are valid and applicable
in light of the particular circumstances of the case."  *Id*.  As such, any arguments
that could have been made regarding production of this information have been
waived.  The Court therefore **GRANTS** Defendant's Motion to Compel (Doc. 42)
to the extent it seeks production of the information sought in Interrogatory No. 18.


### 7.    Employment history (Interrogatory No. 10).

Finally, Defendant's Interrogatory No. 10 seeks information relating to
Plaintiffs' work histories.  (Doc. 43-2, at 6, 26.)  Plaintiffs did not object to the
request, but their responses did not include certain requested information,
including name of direct supervisor, reason for termination of employment, and
whether termination was voluntary or involuntary.  (*Id*.)  Defendant contends this
is insufficient.  (Doc. 43, at 14.)  Defendant also argues that the supplemental

response of Plaintiff Jackson is inappropriate because it generally refers Defendant to Plaintiffs' deposition transcript.  As previously stated, Defendant's argument is misplaced.  *See* fn. 4, *supra*.

Regardless, Plaintiffs have failed to even mention Interrogatory No. 10 in their responsive brief.  (*See generally* Doc. 54.)  As such, any arguments they may have had regarding the discovery of this information and/or sufficiency of their prior responses are waived.  The Court thus **GRANTS** Defendant's Motion to Compel (Doc. 42) to the extent it seeks production of the information sought in Interrogatory No. 10.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Amended Answer (Doc. 40) is **GRANTED**.  The Amended Answer in the form attached to the motion shall be filed within 10 days of the entry of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (Doc. 42) is **DENIED in part** and **GRANTED in part** as more fully set forth above.  To the extent the Court has granted Defendant's motion, Plaintiffs shall serve supplemental discovery responses on Defendant, answering the relevant discovery requests in full and without objection, on or before **April 14, 2008**.

Dated at Wichita, Kansas, on this 20th day of March, 2008.

24

s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge