# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY JACKSON and ) <br> DOMINIQUE MITCHELL, ) <br>   ) <br>          Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> COACH, INC., ) <br>   ) <br>          Defendant. ) <br>   ) | Case No. 07-2128-JTM-DWB |

## **MEMORANDUM AND ORDER**

On March 13, 2008, the Court conducted a status conference with counsel to hear argument on pending motions and consider requests to modify the scheduling order governing this case. Plaintiffs appeared through counsel Aaron C. McKee and Kimberly J. Ireland; Defendant appeared through counsel W. James Foland.

As a result of the conference, the Court entered an Order of March 13, 2008. (Doc. 64.) That Order provided that on or before March 20, 2008, Defendant was to forward to the Court for an *in camera* review, all documents identified on Defendant's most recent Privilege Log. The parties have agreed that the Court, after reviewing these documents, may resolve any dispute concerning production of those documents without the further filing of a motion to compel or any response.

1

Defendant has submitted the required documents for *in camera* inspection along with a copy of Coach's Revised Privilege Log. After reviewing the documents, the Court enters the following Order:

1.  The following documents are not protected by attorney client or work product claims and must be produced:

    A discrete portion of the 1/16/2007 Email string from Brian Sloan to Oak Park, Kansas store email account as follows: The message from Brian Sloan to Oak Park, Kansas dated Tuesday, January 16, 2007 at 1:47 p.m.; and the message from Daniel Hafford to Brian Sloan dated Tue 1/16/200t at 2:43 p.m. This portion of the email string is not protected by either the work product doctrine or the attorney client privilege. The remainder of the email string is protected by the attorney client privilege and shall not be produced.

    The marked portion of the Email string from Esther Silberstsein to Brian Sloan dated Thursday, March 22, 2007 at 2:41 p.m. While this was copied to the Legal Department, there is no indication that it seeks legal advice and is not protected by the attorney client privilege. Likewise, the portion to be produced is not attorney work product. This email involves a complaint that is not the subject of the present case and there is no showing that this portion of the email was in anticipation of litigation rather than the normal transaction of business.

    Affidavits of Dectective Kim Massey, Officer Ken Braden, and Detective Byron Pierce. (The Court understands that these documents have already been received by Plaintiffs from the Overland Park Police Department.)

2.  Also provided to the Court was an email string among counsel pertaining to the complaint by Plaintiffs in this case. The Court could not identify this email string as any of the items identified on the privilege log. All of the email string appears to be protected by attorney client privilege <u>except</u> for one discrete item identified as "From: Store Complaint; Sent: Monday December 04, 2006 4:25 PM; To: Store Complaint; Subject: Store Complaint." That portion of the email string is to be produced.

3.  All remaining documents submitted for *in camera* inspection pursuant to the prior Memorandum and Order are protected from disclosure by either the attorney client privilege or by work product protection and they do not need to be produced to Plaintiffs. Specifically, the witness statements taken by counsel constitute fact work product. To qualify as fact work product it must be established that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." *Id.*; **W. Res., Inc. v. Union Pac. R.R.**, No. 00-2043, 2002 WL 181494, at *3 -4 (D. Kan. Jan. 31, 2002); *see* Fed. R. Civ. P. 26(b)(3). The party seeking discovery then must prove that it has a substantial need for the material and that it is unable to acquire the substantial equivalent of the information without undue hardship. Fed. R. Civ. P. 26(b)(3). Courts have generally referred to this framework as fact or ordinary work product. **Frontier Refining Inc. v. Gorman-Rupp Co.**, 136 F.3d 695, 704 n.12 (10th Cir. 1998) ("The substantial need/undue burden test applies only to fact work product."). Here, the statements were taken by counsel immediately after the present suit was filed and thus the above requirements are satisfied. Plaintiffs have not stated why they are unable to obtain the substantial equivalent of this information without

undue hardship by taking the depositions of the identified witnesses or through other discovery.

To the extent the Court has required Defendant to produce any documents identified on the Amended Privilege Log and submitted for *in camera* review, Defendant shall provide those documents to Plaintiffs on or before **April 9, 2008**.

The Court will retain the copies of the documents submitted by Defendant for *in camera* review in the event of future disputes.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of April, 2008.

    s/   DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge