# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY JACKSON and<br>DOMINIQUE MITCHELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>COACH, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 07-2128-JTM-DWB<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

The Court is faced with yet another discovery and scheduling problem in this case. Moreover, this problem arises at the very end of discovery while it should have been addressed much earlier in the case so that no delays would result. Finally, the problem persists in spite of the Court's continued direction to counsel to meet and confer about the discovery dispute, but with the same result from previous discovery disputes in this case – counsel don't agree on what was resolved at the meet and confer session and what remains in issue. The Court has gone to extraordinary lengths to try to accommodate the parties by scheduling various status conferences and by attempting to resolve the discovery dispute by

oral argument without the necessity of written briefs.  All of this appears to have been to no avail.  To say that the Court is frustrated with counsel's cooperation with each other in this case would be an understatement.

At a status conference on April 10, 2008 (Doc. 71), the Court set out an accelerated schedule to resolve a pending discovery dispute concerning Plaintiff's motion to compel filed on April 7, 2008.  (Doc. 69.)  One of Plaintiffs' counsel has now advised the Court that this schedule cannot be met due to legitimate health issues with counsel.[1]  In light of Plaintiffs' request, and after conferring with the trial judge on this case, the Court enters the following Order which replaces the schedule previously set out at the April 10, 2008 status conference:

1. All remaining deadlines set in the Scheduling Order of June 12, 2007 (Doc. 8), including the date to submit a pretrial order and the hearing dates for both the pretrial and trial, are hereby VACATED.

2. Not later than **April 25, 2008**, Plaintiffs shall file a written summary (without argument or discussion) that identifies which of the discovery responses identified in their motion to compel are still in dispute after review of Defendant's

---

[1] Obviously, the Court's frustration with counsel has nothing to do with these legitimate health issues.

supplemental responses served on April 11, 2008. (Doc. 72.)[2]

3. Defendant's response to Plaintiff's Motion to Compel (Doc. 69) as to any issues which Plaintiffs identify as still in dispute shall be filed on or before **May 12, 2008.**

4. Because the Court directed Plaintiffs to submit an abbreviated motion to compel in the attempt to resolve this issue without full briefing, Plaintiffs will be allowed to fully reply to Defendant's response and that reply shall be filed on or before **May 27, 2008.**

5. None of the briefs may exceed 15 pages in length.

6. If, after review of the briefing, the Court believes oral argument on the motion is required, it will set a hearing.

7. After the Court has ruled on the motion to compel, it will set the final schedule for trial of this case.

8. The parties agree that the depositions of the three Overland Park police officers can go forward without awaiting the Court's ruling on Plaintiffs' motion to compel. If those three depositions have already been set, they shall be taken as scheduled. All other depositions requested by Plaintiffs shall be continued

---

[2] Plaintiff's Motion to Compel identifies the following discovery responses that are in dispute: (a) interrogatories no's 3-8, 18; (b) document requests no's 1, 2, 4, 6-10, 13-15, 19, 21-22, 26. *See* Doc. 69.

to a later date to be agreed upon by the parties.

9.      The parties are advised that simply because the Court is re-setting the above dates, this does NOT mean that discovery is automatically re-opened or expanded beyond the issues concerning the written discovery responses by Defendant and the specific depositions previously identified by Plaintiffs.[3]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 15th day of April, 2008.

                                                  s/ DONALD W. BOSTWICK
                                                 DONALD W. BOSTWICK
                                                 United States Magistrate Judge

---

[3] These depositions were of Kimberly Hurd, a former manager of Defendant's Oak Park Mall store, and Cynthia Linke, the regional manager of Defendant's West Coast operations. *See* Memorandum and Order, Doc. 64.